Melissa A. Salimbene
Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, New Jersey 07052
973.325.1500
Attorneys for Plaintiffs
Bravado International Group
Merchandising Services, Inc.,
LaFlame Enterprises, Inc.
and Jacques Berman Webster II

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES, INC. LAFLAME ENTERPRISES, INC. and JACQUES BERMAN WEBSTER II,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs Bravado International Group Merchandising Services, Inc. ("Bravado"), LaFlame Enterprises, Inc. ("LaFlame") and Jacques Berman Webster II publically known as Travis Scott (the "Artist") (collectively "Plaintiffs"), by and through their counsel Chiesa Shahinian & Giantomasi PC, complaining of defendants herein, alleges as follows:

**NATURE OF THE ACTION**

1.     This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), the New Jersey Fair Trade Act, N.J.S.A. 56:4-1, the New Jersey Consumer Fraud Act,

7962278.2

N.J.S.A. 56:8-2 and for misappropriation and unfair competition under New Jersey common law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1338, and through the Court's pendent jurisdiction.  Venue is proper under 28 U.S.C. § 1391 because the defendants are subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff Bravado International Group Merchandising Services, Inc. is a corporation duly organized under the laws of the State of California with its principal place of business in New York.

4. Plaintiff LaFlame is a corporation duly organized under the laws of the State of Delaware with its principal place of business in California. LaFlame is the owner of copyright rights in the images associated with the Artist and the Artist's current *ASTROWORLD* concert tour. Specifically, LaFlame is the owner of copyright registrations for the following works of visual art:

| Title of Work | Copyright Registration No. |
|---|---|
| "Horse" | VA0002126200 |
| "Red Roller Coaster" | VA0002126411 |
| Teddy Bear" | VA0002126336 |
| "Travis Scott Bust" | VA0002126194 |

5. Plaintiff Artist, who is a musical performer publically known as Travis Scott, is a United States citizen.  The Artist is the owner of the exclusive trademark rights to the name,

2

likeness and merchandise of the musical performer known as TRAVIS SCOTT, including the marks ASTROWORLD and CACTUS JACK and logos related thereto. The Artist is the owner of the following approved federal trademark and service mark applications, among others:

| Mark | Application Serial Nos. |
|---|---|
| ASTROWORLD (logo) | 88/187,224<br>88/187,222<br>88/187,191<br>88/187,189<br>88/187,185<br>88/187,179 |
| ASTROWORLD (colored logo) | 88/187,112<br>88/187,110<br>88/187,107<br>88/187,104<br>88/187,099<br>88/187,094<br>88/187,083<br>88/187,071 |
| CACTUS JACK (stylized) | 88/152,130<br>88/152,106<br>88/187,112<br>88/187,110<br>88/187,107<br>88/187,104<br>88/187,099<br>88/187,094<br>88/187,083<br>88/187,071 |
| ASTROWORLD | 87/978,573<br>87/931,909 |
| CACTUS JACK | 87/976,190<br>87/428,865 |

6. The Artist has used the TRAVIS SCOTT name and trademark since 2012 to identify himself as a music artist, singer, songwriter, producer, artist, performer and entertainer

in all phases of the entertainment industry and to distinguish himself from all other such artists. The Artist has assigned the TRAVIS SCOTT trademarks to LaFlame. The Artist has authorized LaFlame to grant to Bravado the exclusive right to distribute tour merchandise bearing the Artist's name, logos, likeness, images, artwork, trademarks and copyrights (collectively, the "Intellectual Property") on and in connection with various types of music-related merchandise sold and offered for sale in the vicinity of the Artist's concert performances on his current *ASTROWORLD* concert tour (the "Tour").

7. In other words, by license agreement between Bravado and LaFlame, Bravado has been granted the exclusive rights to distribute tour merchandise bearing the Intellectual Property on the Tour. The merchandise that will be offered for sale by Bravado at the Artist's concerts on the Tour includes, without limitation, T-shirts, sweatshirts, hats, accessories and other merchandise (collectively, the "Tour Merchandise"). Bravado is the exclusive holder of rights to sell Tour Merchandise in the vicinity of the Artist's concert performances on the Tour.

8. The identities of defendants, various John Does, Jane Does and XYZ Companies, are not presently known and this Complaint will be amended to include the names of such individuals and entities when identified. Upon information and belief, defendants were present at the Artist's previous tours, and defendants were present at the Artist's concerts on this current Tour in Baltimore, Maryland on November 8, 2018, Raleigh, North Carolina on November 9, Miami, Florida on November 11, Tampa, Florida on November 12 and Atlanta, Georgia on November 13, and will be present in New Jersey in connection with the Artist's concert scheduled to be held at the Prudential Center in Newark, New Jersey on November 24, 2018 (the "New Jersey Show"). Defendants, therefore, will be subject to this Court's jurisdiction.

## FIRST CAUSE OF ACTION
### (Violation of Lanham Act)

9. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

10. The Artist has used his inherently distinctive name and trademarks to identify officially authorized goods and services and to distinguish the Artist from other musical performers. The Artist has, among other things, prominently displayed the trademarks and Intellectual Property in advertising and promotional material and on compact disc, vinyl record and audiotape packaging and merchandise, including Tour Merchandise. Plaintiffs and the Artist have realized, and expect to realize, substantial income from the sale of merchandise bearing the Artist's trademarks and Intellectual Property (including the Tour Merchandise), and thousands of such items have been sold throughout the United States.

11. As a result of the foregoing, the Artist's trademarks have developed, are famous and now possess secondary and distinctive meaning to purchasers of the Tour Merchandise.

12. The Artist has achieved wide renown during his career in the entertainment and music industry. The Artist's trademarks and Intellectual Property have been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

13. The Artist has a decidedly strong and loyal following among concert-goers, radio listeners and music purchasers. The Artist has appeared, and will appear, in concerts at major arenas and stadiums in the United States and around the world, and has been seen and heard in concert by millions of popular music enthusiasts.

14. The United States portion of the Tour began in Baltimore, Maryland on November 8, 2018, and will continue with shows at major venues throughout the United States

and Canada, including the New Jersey Show on November 24, 2018.  The United States portion of the Tour will conclude no sooner than December 22, 2018.

15. Bravado intends to sell Tour Merchandise at or near the site of the Artist's concerts, including at the New Jersey Show.

16. Upon information and belief, at past concerts held by the Artist on his previous tours defendants have engaged in the unauthorized manufacture, distribution and sale of inferior merchandise bearing the Artist's trademarks and Intellectual Property (the "Bootleg Merchandise") in the vicinity of the Artist's concerts.  Plaintiffs believe that the defendant bootleggers and counterfeiters will sell, or attempt to sell, Bootleg Merchandise at all the shows on the Tour, including the New Jersey Show and at any subsequent concerts during the Tour.

17. The Bootleg Merchandise is of the same general appearance as the Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg Merchandise.

18. Upon information and belief, the Bootleg Merchandise is generally of inferior quality.  The sale of such merchandise is likely to injure the reputation of the Artist and Plaintiffs, which have developed by virtue of the Artist's public performances and the reputation for high quality associated with the Tour Merchandise.

19. The manufacture, distribution and sale of Bootleg Merchandise by defendants, and those acting in concert with defendants, constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

20. The manufacture, distribution and sale of Bootleg Merchandise by defendants, and those acting in concert with defendants, constitutes dilution by tarnishment, in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

21. The aforesaid acts by defendants, and those acting in concert with defendants, are likely to cause confusion or mistake and/or to deceive, and likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored or approved by the Artist and Plaintiffs, and that such Bootleg Merchandise is subject to the same quality control and regulation required by the Artist and Plaintiffs.

22. The use by defendants and others of the Artist's Trademarks and Intellectual Property constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiffs' exclusive rights therein.

23. Upon information and belief, defendants, and those acting in concert with defendants, have engaged, and will continue to engage, in such unauthorized activities in this State and elsewhere in interstate commerce and, unless enjoined, are likely to continue such activities throughout the Tour, to the great injury of Plaintiffs and the Artist.

24. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

**SECOND CAUSE OF ACTION**
**(Unfair Competition)**

25. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

26. Upon information and belief, the aforesaid acts by defendants and others have been, and will continue to be, committed with full knowledge of the rights of Plaintiffs and the

Artist, and have the effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill and reputation inhering to the names and likenesses of the Artist.

27. Such misappropriation and unfair competition will interfere with Plaintiffs' rights and ability to exploit the commercial value of the Artist's Intellectual Property.

28. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### THIRD CAUSE OF ACTION
### (Violation of Copyright Act)

29. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

30. LaFlame is the owner of the various copyrights registered with the United States Copyright Office. By virtue of a license, Plaintiffs possess the exclusive rights to reproduce the copyrighted works, prepare derivative works based upon the copyrighted works and distribute copies of the copyrighted words.

31. Upon information and belief, defendants have produced and reproduced the copyrighted works, in addition to having prepared derivative works based upon and distributed derivative works based upon the copyrighted works without Plaintiff's consent. Defendants' acts violate the Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

32. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

33. Defendants' infringement has been undertaken knowingly, and with the intent to financially gain from LaFlame's protected copyrighted works.

34. Upon information and belief, defendants, and those acting in concert with defendants, have engaged, and will continue to engage, in such unauthorized activities in this State and elsewhere in interstate commerce and, unless enjoined, are likely to continue such activities throughout the Tour, to the great injury of Plaintiffs.

35. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, is not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### FOURTH CAUSE OF ACTION
### (Right of Publicity)

36. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

37. By virtue of the expenditures of time, effort and talent by the Artist and Plaintiffs in advertising, publicizing and promoting the accomplishments of the Artist and through extensive commercial exploitation of the Artist's public persona, the Artist and Plaintiffs have created rights of publicity in the Artist's names and likenesses.

38. By virtue of license from the Artist, Plaintiffs are the owner of the Artist's right of publicity in his name and likeness.

39. Defendants have used, and will continue to use, the Artist's name, likeness and/or Intellectual Property without authorization and for purposes of trade and for other commercial purposes.

40. The aforesaid uses of the Artist's name, likeness and/or Intellectual Property by defendants constitute infringements of such rights of publicity.

41. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### FIFTH CAUSE OF ACTION
**(Misappropriation of the Right of Publicity)**

42. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

43. By virtue of license from the Artist, Plaintiffs are the owner of the Artist's rights of publicity in his names and likenesses.

44. Defendants have used, and will continue to use, the Artist's name, likeness and/or Intellectual Property without authorization and for purposes of trade and for other commercial purposes.

45. The aforesaid uses of the Artist's name, likeness and/or Intellectual Property by defendants constitute a misappropriation of Plaintiffs' rights of publicity.

46. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

### SIXTH CAUSE OF ACTION
**(Violation of the New Jersey Fair Trade Act)**

47. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

48. Plaintiffs' claim hereunder arises under the New Jersey Fair Trade Act, N.J.S.A. 56:4-1 (the "Fair Trade Act").

7962278.2

49. The aforesaid acts by defendants constitute the appropriation of Plaintiffs' names, brands, trademarks, reputations and goodwill in violation of the Fair Trade Act.

50. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

**SEVENTH CAUSE OF ACTION**
**(Violation of the New Jersey Consumer Fraud Act)**

51. Plaintiffs repeat and reallege each allegation set forth in the above paragraphs as if set forth fully herein.

52. Plaintiffs' claim hereunder arises under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 ("Consumer Fraud Act").

53. The aforesaid acts by defendants constitute unconscionable commercial practices, deception, fraud, and misrepresentation in connection with the sale of merchandise in violation of the Consumer Fraud Act.

54. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiffs seeks relief as follows:**

1. That defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with defendants, or on their behalf, be enjoined, in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently, from:

7962278.2

(a) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, Trademarks, Copyrights or likeness of the Artist or any colorable variation thereof; and

(b) representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiffs in this district or in any other district in which Plaintiffs seek to enforce this Court's injunction order.

2. That this Court authorize the United States Marshal, authorized agents of Plaintiffs, the local and state police, and/or any persons acting under their supervision, to seize and impound any and all Bootleg Merchandise which the defendants attempt to sell, distribute or hold for sale at, within, or in the vicinity of the arenas at which the Artist are performing, before, during or after said concerts.

3. That defendants deliver up for destruction all Bootleg Merchandise bearing the names, Trademarks, Copyrights or likenesses of the Artist.

4. That defendants pay to Plaintiffs damages in an amount to be determined based upon Plaintiffs' loss of income from defendants' unauthorized activities.

5. That Plaintiffs have such other and further relief as the Court deems to be reasonable, necessary and just.

                                               CHIESA SHAHINIAN & GIANTOMASI PC
                                               Attorneys for Plaintiffs
                                               Bravado International Group
                                               Merchandising Services, Inc.,
                                               LaFlame Enterprises, Inc.
                                               and Jacques Berman Webster II

                                               By: */s/ Melissa A. Salimbene*
                                                    MELISSA A. SALIMBENE

Dated: November 15, 2018

7962278.2